UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE CHARLES FERGUSON,

              Petitioner,                 Case No. 1:09-cv-330

v.                                        Honorable Robert Holmes Bell

CINDI S. CURTIN,

              Respondent.

_____

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

            Petitioner Andre Charles Ferguson currently is serving a term of ten years and six months to twenty-five years and a consecutive term of two years, imposed by the Kalamazoo Circuit Court on February 12, 2007, after Petitioner pleaded guilty to one count of armed robbery, MICH. COMP. LAWS § 750.529, and one count of possessing a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b.

            Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, raising the following three questions:

> I.      THE TRIAL COURT UNLAWFULLY DEPRIVED THE DEFENDANT OF HIS DUE PROCESS, EQUAL PROTECTION, AND OTHER PROTECTED RIGHTS UNDER THE UNITED STATES AND MICHIGAN CONSTITUTIONS WHEN IT SCORED 10 POINTS ON OV-4.

> II.     THE TRIAL COURT UNLAWFULLY DEPRIVED THE DEFENDANT OF HIS DUE PROCESS RIGHTS UNDER THE UNITED STATES AND MICHIGAN CONSTITUTIONS WHEN IT ORDERED THE DEFENDANT TO REIMBURSE THE COUNTY FOR [$]1,307 IN ATTORNEY FEES WITHOUT HOLDING A HEARING AND DETERMIN[ING] HE HAD THE PRESENT AND FUTURE ABILITY TO PAY THEM.

> III.    THE TRIAL COURT UNLAWFULLY VIOLATED THE UNITED STATES AND MICHIGAN CONSTITUTIONS IN SENTENCING THE DEFENDANT TO A PRISON TERM OF 126 MONTHS TO 25 YEARS ON THE ARMED ROBBERY CONVICTION.

(Pet. at 2, docket #1.)  On March 3, 2008, the court of appeals denied leave to appeal for lack of merit in the grounds presented.  (Attach. A to Pet., docket #1-2 at 29.)  Petitioner filed a *pro per* application for leave to appeal to the Michigan Supreme Court, raising the same three issues.  The supreme court remanded Petitioner's second ground for review to the court of appeals for reconsideration of Petitioner's challenge to the imposition of attorney fees.  The court denied leave

to appeal on the remaining questions. (Attach. A to Pet., docket #1-2 at 2.) On remand, the court of appeals itself remanded the question to the trial court for consideration of Petitioner's present ability to reimburse the county for the cost of representation.[1]

In his habeas petition, Petitioner raises only the first and third grounds for relief raised in his state court appeals.

## Discussion

I.     Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and

---

[1]*See* Michigan Court of Appeals Electronic Docket, Case No. 283172, docket #25, http://coa.courts.mi.gov/documents/coa/public/orders/2009/283172(25)_order.pdf.

not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

Where the state court has not articulated its reasoning, the federal courts are obligated to conduct an independent review to determine if the state court's result is contrary to federal law,

unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *See Harris*, 212 F.3d at 943; *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). Where the circumstances suggest that the state court actually considered the issue, the review is not *de novo*. *Onifer*, 255 F.3d at 316. The review remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *Harris*, 212 F.3d at 943.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

II.     Scoring of Offense Variable 4

In his first ground for habeas relief, Petitioner argues that he was denied his federal constitutional rights when the trial court mis-scored Offense Variable (OV) 4, which permits the scoring of 10 points when there exists "[s]erious psychological injury requiring professional treatment . . . to a victim." MICH. COMP. LAWS § 777.34(1)(a). Petitioner contends that the record did not support a conclusion that any victim experienced serious psychological injury. He makes three specific arguments.

First, he contends that the trial court's interpretation of the statute contradicts well-established rules of statutory construction. Second, he asserts that, under the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), the trial court violated the Sixth and Fourteenth Amendments by increasing his sentence on the basis of judicial factfinding. Third, he argues that the Ninth Amendment recognizes the existence of additional, unenumerated fundamental rights, which exceed the protections of due process.

### a. Improper scoring under Michigan law

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz,* 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972)*; Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447;*United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is neither arbitrary nor shocking. *Doyle*, 347 F. Supp. 2d at 485. Further, the trial court's factual findings under OV 4 are entitled to a presumption of correctness in this Court. *See* 28 U.S.C. § 2254(e). Petitioner does not argue, much less show by clear and convincing evidence, that the facts found by the court at sentencing were either materially

false or based on false information. *Tucker*, 404 U.S. at 447. Instead, Petitioner argues only that the court's sentencing findings were not sufficiently supported by expert reports of the victim's injury or treatment. Such a claim clearly falls far short of the sort of egregious circumstances implicating due process. The Michigan Court of Appeals' rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

### b. *Apprendi/Blakely/Booker* Claim

In support of his allegations that the trial court's factfinding on OV 4 violated the Sixth Amendment, Petitioner relies upon *Apprendi*, 530 U.S. 466, *Blakely*, 542 U.S. 296, and *Booker*, 543 U.S. 220. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Apprendi* enunciated a new rule of Sixth Amendment jurisprudence. In the subsequent case of *Blakely*, the Court applied the rule of *Apprendi* to a state sentencing guideline scheme, under which the maximum penalty could be increased by judicial fact-finding. The *Blakely* Court held that the state guideline scheme violated Sixth Amendment rights, and reiterated the rule that any fact that increased the maximum sentence must be "admitted by the defendant or proved to a jury beyond a reasonable doubt." *See Booker*, 543 U.S. at 232 (citing *Blakely*, 542 U.S. at 303).

Petitioner's challenge to his sentence is frivolous because, unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715

N.W.2d 778, 789-92 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence

is based on the applicable sentencing guideline range. *Id.; and see People v. Babcock*, 666 N.W.2d

231, 237 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). Therefore, under Michigan law,

the trial judge sets the minimum sentence (within a certain range), but can never exceed the

maximum sentence. *Drohan,* 715 N.W.2d at 789.

Because the trial court can never exceed the maximum sentence set by statute,

Michigan's indeterminate sentencing scheme, unlike the determinate sentencing scheme at issue in

*Blakely*, does not infringe on the province of the finder of fact, and, thus, does not run afoul of

*Blakely*. *See Blakely,* 542 U.S. at 304-05, 308-09. Because the trial court in the present case

sentenced Petitioner well within the parameters of Michigan's indeterminate sentencing scheme, it

did not violate his Sixth Amendment rights. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir.

2007) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because

it does not apply to Michigan's indeterminate sentencing scheme); *see also Gray v. Bell*, No. 1:06-

cv-611, 2007 WL 172519, at *3 (W.D. Mich. Jan. 19, 2007); *McNall v. McKee*, No. 1:06-cv-760,

2006 WL 3456677, at * 2 (W.D. Mich. Nov.30, 2006); *Pettiway v. Palmer,* No. 1:06-cv-132, 2006

WL 1430062, at *1 (W.D. Mich. May 23, 2006); *Stanley v. Jones,* No. 1:06-cv-49, 2006 WL

1459832, at *2 (W.D. Mich. May 23, 2006); *Mays v. Trombley*, No. 2:06-cv-140043, 2006 WL

3104656, at *3 (E.D. Mich. Oct.31, 2006). Consequently, Petitioner's Sixth Amendment claim lacks

merit.

### c. Ninth Amendment

Petitioner argues that, under the Ninth Amendment, he has a fundamental right to

fairness in sentencing that extends beyond the right to due process. Petitioner's argument is wholly

unsupported. There exists no federal precedent, much less Supreme Court precedent, holding that

the Ninth Amendment protects individuals from sentencing error where there exists no Fourteenth

or Sixth Amendment violation. In fact, in another context, the Supreme Court has recognized that,

where there exists an explicit textual source of protection under the Constitution, claims involving

that right are governed solely by that explicit constitutional source. *See Graham v. Connor*, 490 U.S.

386, 394-95 (1989) (holding that because the Fourth Amendment explicitly prohibits unreasonable

seizures, all claims involving excessive force in the context of an arrest are governed solely by the

Fourth Amendment). As previously discussed, the Constitution expressly protects Petitioner's right

to due process and his right to a trial by jury under the Fourteenth and Sixth Amendments. Those

rights therefore represent the exclusive sources for analyzing Petitioner's claim. The state court's

denial of Petitioner's claim, therefore, is neither contrary to nor an unreasonable application of

established Supreme Court precedent.

III.     Excessive Sentence

In his second ground for habeas relief, Petitioner claims that the trial court, in

imposing sentence, did not adequately consider Petitioner's remorse, his addictions, his family

support, and other sentencing factors. Petitioner argues that his sentence violated his right to due

process, a claim the Court addressed under his first ground for habeas relief. Petitioner also reargues

his claim under *Blakely*, 542 U.S. 296, which the Court also previously has rejected.

In addition, Petitioner claims that his sentence was disproportionate to his offense and

violated his rights under the Eighth Amendment. In support of his claim that the sentence was

disproportionate, Petitioner cites *People v. Lemons*, 562 N.W.2d 447 (Mich. 2000). In *Lemons*, the

Michigan Supreme Court applied the proportionality principle adopted by the Michigan Supreme

-10-

Court in *People v. Milbourn*, 461 N.W.2d. 1 (Mich. 1990). Under *Milbourn*, the sentencing court must exercise its discretion within the bounds of Michigan's legislatively prescribed sentence range and pursuant to the intent of Michigan's legislative scheme of dispensing punishment according to the nature of the offense and the background of the offender. *Milbourn*, 461 N.W.2d at 9-10; *People v. Babcock*, 666 N.W.2d 231, 236 (Mich. 2003). It is plain that *Milbourn* was decided under state, not federal, principles. *See Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at *2 (6th Cir. Apr. 21, 1995); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). As previously discussed, a federal court may grant habeas relief solely on the basis of federal law and has no power to intervene on the basis of a perceived error of state law. *See* 28 U.S.C. § 2254(a); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Thus, Petitioner's state-law proportionality claim is not cognizable in a habeas corpus action.

In addition, Petitioner's Eighth Amendment claim is without merit. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th

Cir. 1995)).  Ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).  Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law. Petitioner's sentence does not present the extraordinary case that runs afoul of the Eighth Amendment's ban of cruel and unusual punishment.

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not

warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated: <u>September 4, 2009</u>                    <u>/s/ Robert Holmes Bell</u>
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE